**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

JEKYLL ISLAND-STATE PARK AUTHORITY,

     Plaintiff,

       v.

POLYGROUP MACAU LIMITED,

     Defendant.

CIVIL ACTION FILE
NO. 2:21-cv-8

**DEFENDANT'S RENEWED MOTION TO DISMISS FOR LACK**
**OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE**
**TO PARTIALLY DISMISS FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................... 1

II.   BACKGROUND ...................................................................................................... 2

      A.    PML's lack of contacts with Georgia and the United States as a whole. .............. 2

      B.    Plaintiff's allegations ...................................................................................... 3

III.  THE COURT LACKS PERSONAL JURISDICTION OVER PML. ............................... 4

      A.    The Court's exercise of personal jurisdiction over PML would violate due
            process ............................................................................................................ 5

            1.    PML has not purposefully availed itself of the forum state ...................... 6

            2.    Plaintiff's claims do not "arise out of or relate to" PML's forum
                  contacts. ......................................................................................... 8

            3.    The exercise of personal jurisdiction would offend fair play and
                  substantial justice. ......................................................................... 10

      B.    The Georgia long-arm statute does not reach PML. ........................................ 11

      C.    PML is not subject to Rule 4(k)(2) personal jurisdiction. ................................ 13

            1.    The application of Rule (4)(k)(2) over PML for Plaintiff's
                  trademark infringement and unfair competition claims would not
                  comport with due process. ............................................................... 13

            2.    Application of Rule (4)(k)(2) over PML for Plaintiff's cancellation
                  of trademark registrations claim would be improper because PML
                  identifies another forum state in which jurisdiction is proper. ............... 16

IV.   ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S
      CANCELLATION OF TRADEMARK REGISTRATIONS CLAIM FOR
      FAILURE TO STATE A CLAIM OF FRAUD. .......................................................... 16

V.    CONCLUSION ...................................................................................................... 19

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*,
    744 F.3d 595 (9th Cir. 2014) ................................................................10

*Alcon Vision, LLC v. Lens.com, Inc.*,
    No. 18-cv-407, 2020 WL 4810778 (E.D.N.Y. Aug. 11, 2020) ..........................................7, 11

*Asian & W. Classics B.C. v. Selkow*,
    92 U.S.P.Q.2D 1478 (T.T.A.B. 2009) .................................................17, 18

*Associated Transp. Line, Inc. v. Productos Fitosanitarios Proficol El Carmen, S.A.*,
    197 F.3d 1070 (11th Cir. 1999) ....................................................4, 14

*Astor Chocolate Corp. v. Elite Gold Ltd.*,
    510 F. Supp. 3d 108 (S.D.N.Y. 2020).................................................15

*United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*,
    290 F.3d 1301 (11th Cir. 2002) ....................................................17, 18

*Consol. Dev. Corp. v. Sherritt, Inc.*,
    216 F.3d 1286 (11th Cir. 2000) ..........................................................14

*Cooper v. Blue Cross & Blue Shield of Fla., Inc.*,
    19 F.3d 562 (11th Cir. 1994) ..............................................................17

*Cronin v. Washington Nat. Ins. Co.*,
    980 F.2d 663 (11th Cir. 1993) ...............................................................5

*D.M. & Antique Import Corp. v. Royal Saxe Corp.*,
    311 F. Supp. 1264 (S.D.N.Y. 1951).....................................................10

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).......................................................................5, 14

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
    593 F.3d 1249 (11th Cir. 2010) .................................................6, 11, 12

*Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*,
    943 F.3d 239 (5th Cir. 2019) .................................................................7

*Duck Commander, Inc. v. TNP Prods., Inc.*,
    No. 10–1790, 2011 WL 4973880 (W.D. La. Sept. 12, 2011).....................................9

*Gilman & Bedigian, LLC v. Sackett*,
   No. 19–3471, 2021 WL 4417250 (D. Md. Sept. 27, 2021) ................................................7, 11

*Goodwin v. Bruggeman-Hatch*,
   No. 13-cv-02973, 2014 WL 3882183 (D. Colo. Aug. 7, 2014)................................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)................................................................................................4, 5, 14

*Hill v. Morehouse Med. Assocs., Inc.*,
   No. 02-14429, 2003 WL 22019936 (11th Cir. 2003) ............................................................18

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)..................................................................................................................5

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*,
   256 F.3d 548 (7th Cir. 2001) .................................................................................................16

*Louis Vuitton Malletier, S.A. v. Mosseri*,
   736 F.3d 1339 (11th Cir. 2013) ...........................................................................................5, 6

*Mandala v. Tire Stickers, LLC*,
   829 Fed. Appx. 896 (11th Cir. 2020).....................................................................................17

*Merial Ltd. v. Cipla Ltd.*,
   681 F.3d 1283 (Fed. Cir. 2012)..............................................................................................13

*Nike, Inc. v. Already, LLC*,
   663 F.3d 89 (2d Cir. 2001)......................................................................................................10

*O'Brien v. Nat'l Prop. Analysts Partners*,
   936 F.2d 674 (2d Cir 1997)....................................................................................................16

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
   558 F.3d 1210 (11th Cir. 2009) .........................................................................................8, 13

*Red Wing Shoe Co. v. Hockerson-Halberstadt*,
   148 F.3d 1355 (Fed. Cir. 1998)................................................................................................7

*Rhodes v. Unisys Corp.*,
   170 F. App'x 681 (11th Cir. 2006) ...........................................................................................4

*Ross v. Bolton*,
   904 F.2d 819 (2d Cir. 1990)....................................................................................................16

*Smith v. Home Depot USA, Inc.*,
   294 Fed. App'x 186 (6th Cir. 2008) ..........................................................................................7

*Thompson v. Carnival Corp.*,
   174 F. Supp. 3d 1327 (S.D. Fla. 2016) ..................................................................4

*Thoroughbred Legends LLC v. The Walt Disney Co.*,
   No. 7–cv–1275, 2008 WL 616253 (N.D. Ga. Feb. 12, 2008)................................9

*U.S. SEC v. Carrillo*,
   115 F.3d 1540 (11th Cir. 1997) ...........................................................................4

*United Techs. Corp. v. Mazer*,
   556 F.3d 1260 (11th Cir. 2009) ...........................................................................4

*USA Mgmt. Grp., LLC v. Fitness Publ'ns, Inc.*,
   No. 14-22477, 2015 WL 11233075 (S.D. Fla. Mar. 4, 2015)................................9

*Websters Chalk Paint Powder, LLC v. Annie Sloan Interiors, Ltd.*,
   No. 13-cv-2040, 2014 WL 4093669 (N.D. Ga. Aug. 18, 2014)............................7

**State Cases**

*Aero Toy Store, LLC v. Grieves*,
   279 Ga. App. 515 (2006) ....................................................................................12

**Federal Statutes**

15 U.S.C. § 1114...........................................................................................................8

15 U.S.C. § 1119.....................................................................................................3, 10

15 U.S.C. § 1120.............................................................................................3, 10, 16

15 U.S.C. § 1125...........................................................................................................8

Lanham Act...................................................................................................9, 13, 16

**State Statutes**

O.C.G.A. § 9-10-91..............................................................................................11, 12

O.C.G.A. § 9-10-91(3).................................................................................................4

**Rules**

Fed. R. Civ. P. 4(k)(2)....................................................................................... *passim*

Fed. R. Civ. P. 9(b) ...............................................................................................16, 17

Fed. R. Civ. P. 12(b)(2)................................................................................................1

Fed. R. Civ. P. 12(b)(6)..................................................................................................1

**Constitutional Provisions**

United States Constitution Fourteenth Amendment Due Process Clause ..................................4, 7

**Other Authorities**

6 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition* § 31:86
    (5th ed. 2021) ...................................................................................................10

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Polygroup Macau Limited ("PML") renews its motion to dismiss Plaintiff Jekyll Island-State Park Authority's ("Plaintiff") Amended Complaint based on lack of personal jurisdiction. Alternatively, PML again moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to partially dismiss this action for failure to state a claim for fraud upon which relief can be granted.

## I.    INTRODUCTION

PML previously filed a Motion to Dismiss for Lack of Personal Jurisdiction or Alternatively to Partially Dismiss for Failure to State a Claim of Fraud (ECF 10). After briefing (ECF 17, 25, 35, 36) and oral argument (ECF 34), the Court denied PML's motion in favor of a 60-day period of jurisdictional discovery (ECF 37). Specifically, the Court found that "before deciding whether [Plaintiff] has met its burden to prove personal jurisdiction," the parties should explore two disputed facts: first, whether PML does business in the state of Georgia, including by offering to sell products bearing its United States federal trademark registrations for SUMMER WAVES 3D, SUMMER WAVES ELITE, and SUMMER WAVES (collectively the "Marks" or "SUMMER WAVES Marks"); and second, whether PML uses the SUMMER WAVES Marks *at all* in United States commerce. ECF 37 at 2-4. The period for jurisdictional discovery ended on May 16, 2022 (ECF 44), and Plaintiff's investigation into the two previously disputed facts and other closely related issues reveals and confirms that PML neither does any business in Georgia nor uses the SUMMER WAVES Marks in United States commerce. Accordingly, PML re-urges the Court to dismiss this case for lack of personal jurisdiction.

Alternatively, the Court should at least dismiss Count IV of Plaintiff's Amended Complaint for failure to state a claim.

## II.    BACKGROUND

### A.    PML's lack of contacts with Georgia and the United States as a whole.

PML is a British Virgin Island company and is part of a group of separate and distinct entities (the "Polygroup Member Companies"). Ex. 1, Deposition of PML via Eric Szweda, at 15:13-16:5, 47:7-10 ("Szweda Depo."). PML is wholly owned by its parent entity Polygroup Asia Pacific Limited and has a single subsidiary Polygroup Limited (Macao Commercial Offshore). *Id.* at 67:24-68:5, 103:11-16; *see also* Ex. 2, PML's Responses to Plaintiff's Interrogatories, Nos. 1-4 ("Inter. Resp."). PML has no employees and two directors who reside in Hong Kong. Szweda Depo. at 61:18-22, 65:25-66:1; *see also* Inter. Resp. No. 1.

As shown in its testimony, PML's only role within the Polygroup Member Companies is to apply for and hold certain intellectual property assets, including the SUMMER WAVES Marks. Szweda Depo. at 87:19-24, 135:5-8. PML is not a revenue-generating entity and does not use the SUMMER WAVES Marks or any other trademarks in United States commerce or anywhere else in the world. *Id.* at 84:11-15, 87:18-19, 108:25, 168:1-4; ECF 10-1 at ¶ 7. Instead, PML allows other Polygroup Member Companies and their customers to use the SUMMER WAVES Marks. Szweda Depo. at 168:1-4, 214:5-7. For example, Polygroup Services N.A. Inc.—the only Polygroup Member Company that conducts business in the United States—purchases a limited number of products, some of which are branded SUMMER WAVES, from Polygroup Member Companies other than PML, and then imports the products into the United States where they are sold. *Id.* at 110:10-19, 115:17-117:3, 124:17-21, 129:16-17. Otherwise, all other uses of the SUMMER WAVES Marks by Polygroup Member Companies occur outside of the United States, such as when Polygroup Member Companies other than PML sell, in foreign countries, products bearing the SUMMER WAVES Marks to global retailers that distribute and sell the products on their own behalf wherever they may choose. *Id.* at 109:20-110:2; *see also* Inter. Resp. No. 5.

Other than applying for and holding United States intellectual property rights, PML has no connection with the United States. Szweda Depo. at 108:25, 145:5-12, 191:10-12. PML is not registered to do business in any United States jurisdiction. *Id*. at 112:7-9. PML does not sell or buy products in the United States or elsewhere. *Id.* at 103:24-104:4, 113:12-14, 113:25-114:1. PML does not import products into the United States, nor has it ever held a license to do so. *Id.* at 109:1-7. PML does not engage in any marketing in the United States or elsewhere. *Id.* at 101:23-24. PML has never sent a representative to the United States to conduct business on its behalf. *Id.* at 113:19-114:8; *see also* Inter. Resp. No. 8. PML has never paid taxes in the United States and has no bank accounts in the United States. Szweda Depo. at 100:8-10, 108:23-25. PML neither owns nor leases any property in the United States. *Id.* at 69:17-70:3, 100:22-101:4.

### B.    Plaintiff's allegations

On April 21, 2021, Plaintiff filed an Amended Complaint asserting four counts, including federal trademark infringement (Count I), federal unfair competition (Count II), common law trademark infringement and unfair competition (Count III), and cancellation of trademark registrations (Count IV). *See* ECF 6 at ¶¶ 55–92. Plaintiff's first three counts are each based on PML's alleged infringement and unfair competition related to Plaintiff's United States federal trademark registration for SUMMER WAVES for use in connection with "entertainment services, namely, providing recreational services at an amusement park featuring water rides at a public park." *Id.* at ¶¶ 43–54. Plaintiff's fourth count is based on conclusory fraud allegations that PML "knowingly and intentionally submitted false statements and altered specimens of use for purposes of misleading the USPTO" during prosecution of PML's SUMMER WAVES Marks. *Id.* at ¶ 85. Without any facts to support its fraud allegations, Plaintiff seeks cancellation of PML's SUMMER WAVES Marks under 15 U.S.C. § 1119 and damages under 15 U.S.C. § 1120. *Id.* at ¶¶ 91–92.

3

Plaintiff alleges two bases for personal jurisdiction over PML. First, Plaintiff alleges that PML "does business in the state of Georgia . . . by offering to sell, selling, importing, and/or distributing infringing goods." *Id.* at ¶ 3. Second, Plaintiff alleges, pursuant to O.C.G.A. § 9-10-91(3), that PML "engaged in activity that has caused and will continue to cause tortious injury to Plaintiff . . . in Georgia by acts outside of the State, and upon information and belief, derives substantial revenue from goods used or consumed rendered in this State." *Id.* at ¶ 5.

## III.    THE COURT LACKS PERSONAL JURISDICTION OVER PML.

For a federal court sitting in diversity to exercise personal jurisdiction over a nonresident defendant, "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). In rare circumstances, federal courts may invoke Federal Rule Civil Procedure 4(k)(2), which "permits the exercise of personal jurisdiction over foreign defendants for claims arising under federal law when the defendant has sufficient contacts with the nation as a whole, but is without sufficient contacts to satisfy the long-arm statute of any particular state." *Associated Transp. Line, Inc. v. Productos Fitosanitarios Proficol El Carmen, S.A.*, 197 F.3d 1070, 1074 (11th Cir. 1999) (citing *U.S. SEC v. Carrillo*, 115 F.3d 1540, 1543-44 (11th Cir. 1997)); *see also Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1337 (S.D. Fla. 2016) ("[I]t is a rare occurrence when a court invokes jurisdiction under this rule."). In any event, personal jurisdiction is a claim-specific inquiry.[1] *See, e.g.*, *Rhodes v. Unisys Corp.*, 170 F. App'x 681, 684 (11th Cir. 2006) (finding under a due process inquiry that "we must review each cause of action to see if any of them sufficiently connect

---

[1] One exception to the claim-specific inquiry occurs when a nonresident defendant's affiliations with a forum state are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[defendant] to the jurisdiction such that the exercise of jurisdiction over him is appropriate"); *Cronin v. Washington Nat. Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993)) ("[T]he Georgia long-arm statute provided personal jurisdiction over the plaintiff's tort theories, but not his related contract theory."); *Goodwin v. Bruggeman-Hatch*, No. 13-cv-02973, 2014 WL 3882183, at *7 (D. Colo. Aug. 7, 2014) (finding that "even if personal jurisdiction were appropriate . . . pursuant to Rule 4(k)(2), it would be only for [some of plaintiff's] claims").

As discussed below, the Court's exercise of personal jurisdiction over PML for each of Plaintiff's claims would violate due process. In addition, Georgia's long-arm statute does not reach PML, and the Court's exercise of Rule 4(k)(2) jurisdiction over PML would be improper.

## A.    The Court's exercise of personal jurisdiction over PML would violate due process.

Under the due process inquiry, a federal court examines whether the nonresident defendant has "certain minimum contacts with" the forum state such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). For specific personal jurisdiction,[2] the Eleventh Circuit applies a three-prong due process test. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). The test places on a plaintiff the initial burden to show that (1) the defendant "purposefully availed himself of the privilege of conducting activities within the forum state" and (2) the plaintiff's claims "arise out of or relate to at least one of the defendant's contacts with the forum." *Id.* (internal quotation marks omitted). If the plaintiff satisfies both prongs, the federal court still cannot exercise jurisdiction if the defendant shows that

---

[2] Plaintiff does not allege that PML has "continuous and systematic" contacts with Georgia such that PML is "essentially at home" and therefore subject to general jurisdiction in Georgia. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

the exercise of jurisdiction would violate "traditional notions of fair play and substantial justice." *Id.* (internal quotation marks omitted).

Plaintiff has not and cannot meet its burden for any of its claims under the first or second part of the three-prong due process test, and even if it could, the exercise of jurisdiction would not comport with the notions of fair play and substantial justice.

### 1.    PML has not purposefully availed itself of the forum state.

The purposeful availment prong of the due-process test examines whether the nonresident defendant has "purposefully establish[ed] contacts" in the forum state. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010). PML lacks *any* contacts with Georgia, and therefore Plaintiff cannot meet its burden under the first prong of the due-process test for any of its claims.

Plaintiff's allegations that "Defendant [is] engaged in trade and commerce in the State of Georgia," ECF 6 at ¶ 73, that "Defendant does business in the state of Georgia . . . by offering to sell, selling, importing, and/or distributing infringing goods," *id.* at ¶ 3, and that Defendant "derives substantial revenue from goods used or consumed . . . in this State," *id.* at ¶ 5, are unsupported and false. As shown in its testimony, PML is an intellectual property holding company that conducts no business in Georgia. Szweda Depo. at 145:5-12. PML does not buy or sell products or engage in any form of marketing in Georgia. *Id.* at 101:23-24, 103:24-104:4, 113:12-14, 113:25-114:1. Nor does PML generate any revenue. *Id.* at 84:11-15.

PML's only connections, however tenuous, to Plaintiff's claims are that PML registered the SUMMER WAVES Marks and allows other entities to use the Marks in the United States, including Georgia. *Id.* at 168:3-4, 214:5-7; *see also* Inter. Resp. No. 5. But PML did not purposefully establish contacts in *Georgia* when it applied to register the SUMMER WAVES Marks at the United States Patent and Trademark Office ("USPTO") in *Virginia*. Nor does PML

6

purposefully establish contacts with Georgia by merely licensing its SUMMER WAVES Marks to other entities that sell products bearing the Marks even if such sales occur in Georgia. In *Red Wing Shoe Co. v. Hockerson-Halberstadt*, the Federal Circuit held that a nonresident defendant that only engaged in "licensing and enforcing the rights associated with two patents" was not subject to personal jurisdiction in Minnesota under the Due Process Clause. 148 F.3d 1355, 1357, 1359–62 (Fed. Cir. 1998). The Federal Circuit arrived at its holding despite 34 of the nonresident defendant's licensees having extensive contacts with Minnesota, including selling patented products in the state—a factor the court held "insufficient to submit [the nonresident defendant] to personal jurisdiction in the state." *Id.* at 1359, 1361; *see also Alcon Vision, LLC v. Lens.com, Inc.*, No. 18-cv-407, 2020 WL 4810778, at *5 (E.D.N.Y. Aug. 11, 2020) (holding that a defendant "simply owning and licensing trademarks which appeared on products distributed in [the forum state] by its licensee[] did not purposefully avail itself of the privilege of conducting activities within [the forum state]"); *Smith v. Home Depot USA, Inc.*, 294 Fed. App'x 186, 190 (6th Cir. 2008) (finding German company that licensed trademarks to U.S. subsidiary for use in connection with the sale of the subsidiary's products was "too random, fortuitous, and attenuated for a finding of purposeful availment" under the Due Process Clause); *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 253 (5th Cir. 2019) (finding IP holding company did not purposefully avail itself of the forum state despite directing and authorizing its licensees to use the infringing marks in the forum state); *Websters Chalk Paint Powder, LLC v. Annie Sloan Interiors, Ltd.*, No. 13-cv-2040, 2014 WL 4093669, at *1-2, 9 (N.D. Ga. Aug. 18, 2014) (finding no personal jurisdiction under the Due Process Clause over foreign entity that registered and licensed its U.S. trademarks marks to a U.S. distributor that sold products bearing the licensed marks in the forum); *Gilman & Bedigian, LLC v. Sackett*, No. 19–3471, 2021 WL 4417250, at *6 (D. Md. Sept. 27, 2021) ("It

7

would not comport with due process for this court to exercise personal jurisdiction over these defendants merely because they licensed their [registered U.S.] trademarks to a third party who in turn conducted business in the state.").

As recognized in these cases, PML registering the SUMMER WAVES Marks and licensing them to entities who use the Marks in Georgia does not constitute purposeful availment.

> **2.    Plaintiff's claims do not "arise out of or relate to" PML's forum contacts.**

Plaintiff's claims cannot "arise out of or relate to" PML's contacts with Georgia because PML has none, as explained in Section II.A. In addition, PML's acts of registering and licensing the SUMMER WAVES Marks lack a direct causal relationship with Plaintiff's claims. Therefore, Plaintiff cannot meet its burden under the second prong of the due-process test either.

To determine whether a plaintiff's claims "arise out of or relate to" a nonresident defendant's forum contacts, the Eleventh Circuit "focus[es] on the direct causal relationship among 'the defendant, the forum, and the litigation.'" *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222 (11th Cir. 2009); *see also id.* at 1223 (warning that an overinclusive "but-for" inquiry would make "any cause of action, no matter how unforeseeable, necessarily 'related to' the initial contact").

Plaintiff's trademark infringement and unfair competition claims lack a direct causal relationship with PML registering and licensing the SUMMER WAVES Marks. Both claims require ***use*** of a trademark in commerce. *See* 15 U.S.C. §§ 1114, 1125. Neither registering nor granting a trademark license meets this definition. While use in commerce is a prerequisite for registration, it is not necessary that the trademark owner itself be the one to use the trademark in commerce, only that "the applicant or the applicant's related company or licensee is using the mark in commerce." *See, e.g.*, ECF 6–6 at 27. Moreover, entities to which a license is granted might

ultimately use the licensed trademarks in commerce if they place or associate those trademarks with sold or transported goods, but the licensing entity does not. Courts have held, consistent with the Lanham Act's definition of "use in commerce," that merely licensing a trademark does not constitute use for purposes of these types of claims. *See Thoroughbred Legends LLC v. The Walt Disney Co.*, No. 7–cv–1275, 2008 WL 616253, at *6 (N.D. Ga. Feb. 12, 2008) ("Without more, [Plaintiff granting a license] does not create a genuine issue of material fact as to whether Plaintiffs used [the alleged mark] as a trademark."); *Duck Commander, Inc. v. TNP Prods., Inc.*, No. 10–1790, 2011 WL 4973880, at *4 (W.D. La. Sept. 12, 2011) ("Filing a trademark application and licensing one's mark to another, even with knowledge of a third party's superior rights to the mark, are not activities prohibited by the Lanham Act. Rather, it is the use in commerce of a registered mark that gives rise to liability."). It is not enough for Plaintiff to insist that the licensing of PML's SUMMER WAVES Marks was a necessary step that ultimately led to infringing uses by licensees. Under a properly focused jurisdictional inquiry, a claim of trademark infringement or unfair competition does not arise out of or relate to a nonresident defendant's licensing of a trademark. *See USA Mgmt. Grp., LLC v. Fitness Publ'ns, Inc.*, No. 14-22477, 2015 WL 11233075, at *3, 5 (S.D. Fla. Mar. 4, 2015) (finding no precedent to support plaintiff's claim "that the 'sale of a licensed product by a licensee constitutes use in commerce on the part of the licensor,'" no causal relationship between licensing of mark and plaintiff's trademark infringement claims, and no personal jurisdiction over licensor); *Duck Commander*, 2011 WL 4973880, at *2–4 (holding that a defendant's alleged contact of licensing the mark to a third party who used the mark in the forum was too tenuous to support a finding of specific jurisdiction under the due process analysis for plaintiff's trademark infringement and unfair competition claims).

Similarly, Plaintiff's trademark cancellation claim under 15 U.S.C. §§ 1119[3] and 1120 also lacks a direct causal relationship with PML's alleged fraudulent procurement of the SUMMER WAVES Marks. Courts have long held that an injury resulting from a fraudulently claimed registration is caused by **use** of a trademark, not merely registration. *See D.M. & Antique Import Corp. v. Royal Saxe Corp.*, 311 F. Supp. 1264, 1272 (S.D.N.Y. 1951) ("[E]ven assuming the application statements to be incorrect, their mere 'falsity' does not entitle [plaintiff] to recovery under 15 U.S.C.A. § 1120. That section has been interpreted to require that the plaintiff's injuries result from the use of the mark while falsely registered, as opposed to 'an injury resulting from the false declaration solely.'"); *see also* 6 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition* § 31:86 (5th ed. 2021) ("Any damage must be proximately caused by assertion or use of the fraudulently procured registration, not solely from the false declaration."). PML has never used its SUMMER WAVES Marks in United States, nor has it sought to enforce its rights in its SUMMER WAVES Marks against Plaintiff or any other party. *See* Szweda Depo. at 145:5-12, 168:1-4; ECF 10-1 at ¶ 7. Therefore, even assuming Plaintiff could prove that PML "knowingly and intentionally submitted . . . false statements and altered specimens," which it cannot, PML would not have caused an injury to Plaintiff in Georgia within the meaning of 15 U.S.C. § 1120.

### 3. The exercise of personal jurisdiction would offend fair play and substantial justice.

Even if the Court finds that Plaintiff's claims arise out of or relate to PML's forum contacts, and that PML purposefully availed itself of the forum state, the exercise of jurisdiction over PML based solely on PML registering and licensing its Marks would offend traditional notions of fair

---

[3] Section 1119 authorizes courts to "order the cancelation of registrations" "[i]n any action involving a registered mark." 15 U.S.C. § 1119. It creates a remedy for trademark infringement not an independent cause of action. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2001); *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014).

play and substantial justice. *See Alcon Vision*, 2020 WL 4810778, at *8 ("[I]t would offend due process to premise personal jurisdiction solely on [the foreign IP holding company's] status as an owner and licensor of [U.S.] trademarks that [it registered and that] appear on products distributed in [the forum state] by its licensee."); *Gilman*, 2021 WL 4417250, at *6 (finding defendants' actions, including licensing, "are not a 'surrogate for presence' and are therefore not capable of 'render[ing] the exercise of sovereignty just'" where defendants "merely . . . licensed their [registered U.S.] trademarks to a third party who in turn conducted business in the state").

Accordingly, the Court's exercise of specific personal jurisdiction over PML for each of Plaintiff's claims would violate due process because no prong of the Eleventh Circuit's three-prong test for specific personal jurisdiction is satisfied based solely on PML's registration and licensing of its SUMMER WAVES Marks.

**B.    The Georgia long-arm statute does not reach PML.**

PML is also not subject to personal jurisdiction in Georgia because none of the provisions of Georgia's long-arm statute apply. *See* O.C.G.A. § 9-10-91. The Georgia long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Diamond Crystal*, 593 F.3d at 1259. Under the long arm statute, a court may exercise personal jurisdiction over a nonresident for a cause of action arising from the nonresident:

(1) Transact[ing] any business within this state;

(2) Commit[ting] a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

(3) Commit[ting] a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

. . . .

11

O.C.G.A. § 9-10-91. Plaintiff has not met its burden to show that PML meets these provisions.

Provision (1) is not met. Personal jurisdiction under provision (1) only exists if "the nonresident defendant *has purposefully done some act or consummated some transaction in this state.*" *Diamond Crystal*, 593 F.3d at 1260 (quoting *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 517 (2006)). As shown in PML's testimony, it has not transacted business in Georgia. *See* Szweda Depo. at 108:25, 191:10-12.

Provision (2) is also not met because PML did not commit a tortious act anywhere, much less in Georgia. As PML testified, it has only ever engaged in registering and licensing certain intellectual property assets, including the SUMMER WAVES Marks. *Id.* at 135:5-8, 168:1-4, 214:5-7. PML does not use, nor has it ever used, PML's SUMMER WAVES Marks anywhere, much less in U.S. commerce. *Id.* at 145:5-12, 168:1-4; ECF 10-1 at ¶ 7.

Lastly, provision (3) is also not met. Plaintiff pleads that "[t]his Court has personal jurisdiction over Defendant . . . because it has engaged in activity that has caused and will continue to cause tortious injury to Plaintiff in the State of Georgia by acts outside of the State, and upon information and belief, derives substantial revenue from goods used or consumed rendered in this State." ECF 6 at ¶ 5. First, as PML's testimony shows, PML generates no revenue. Szweda Depo. at 84:11-15. Second, PML has not caused Plaintiff's injuries. Each of Plaintiff's claims require *use* of the SUMMER WAVES Marks in commerce (*see* Section III.A.2), and PML has never used its SUMMER WAVES Marks in commerce (*see* Szweda Depo. at 145:5-12, 168:1-4; ECF 10-1 at ¶ 7). As shown in its testimony, PML is an intellectual property holding company whose only role is to apply for and allow other entities to use its intellectual property, including the SUMMER WAVES Marks. Szweda Depo. at 87:19-24, 135:5-8, 168:1-4, 214:5-7. These activities are not considered uses of a trademark in commerce under the Lanham Act. *See* Section III.A.2.

Accordingly, any connection PML has with Plaintiff's alleged injuries is far too tenuous for the Court to exercise jurisdiction over PML under provision (3).

> **C.      PML is not subject to Rule 4(k)(2) personal jurisdiction.**

For personal jurisdiction to be proper under Rule 4(k)(2), three conditions must be satisfied: "(1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to personal jurisdiction in the courts of any state, and (3) the exercise of jurisdiction satisfies the due process requirements." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012); *see also* Fed. R. Civ. P. 4(k)(2). PML does not dispute that Plaintiff's trademark infringement and unfair competition claims (Counts I–II)[4] and its trademark cancellation claim (Count IV) arise under federal law. Rather, as explained below, PML asserts that it is not subject to personal jurisdiction under Rule 4(k)(2) for Plaintiff's trademark infringement and unfair competition claims because the exercise of jurisdiction over PML would violate due process. PML further asserts that the Court's exercise of jurisdiction over PML pursuant to Rule 4(k)(2) for Plaintiff's trademark cancellation claim (Count IV) would be improper because PML has identified a forum in which it is subject to personal jurisdiction for such a properly pled claim.

> **1.      The application of Rule (4)(k)(2) over PML for Plaintiff's trademark infringement and unfair competition claims would not comport with due process.**

The only difference between a due process analysis under Rule 4(k)(2) and the due process analysis discussed in Section III.A is that, under Rule 4(k)(2), courts look at the nonresident defendant's contacts with the nation instead of a forum state. *See Oldfield*, 558 F.3d at 1220 ("In cases such as this, where a federal court invokes Rule 4(k)(2), 'the applicable forum for the

---

[4] Plaintiff's common law trademark infringement and unfair competition claim (Count III) arises under state law and therefore does not satisfy the second condition required for the Court to exercise Rule 4(k)(2) jurisdiction over PML. However, PML's rationale as to Plaintiff's federal claims (Counts I–II) apply equally to Plaintiff's state law claim (Count III).

minimum contacts analysis is the United States.'" (quoting *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291, n.6 (11th Cir. 2000)). Therefore, unless Plaintiff shows that PML purposefully availed itself of the privilege of conducting activities in the United States *and* that these claims arise out of or relate to PML's contacts with the United States, the exercise of personal jurisdiction over PML pursuant to Rule 4(k)(2) on Plaintiff's trademark infringement and unfair competition claims violates due process.[5] Plaintiff cannot satisfy its burden to show that either of these requirements is met, and even if it could, the exercise of jurisdiction under those circumstances does not comport with notions of fair play and substantial justice.

### a.    PML did not purposefully avail itself of the national forum.

Plaintiff cannot show that the first part of the due-process inquiry under Rule 4(k)(2) is met because PML has not "purposefully availed itself" of the national forum. As shown in its testimony, PML is an intellectual property holding company that conducts no business in the United States. Szweda Depo. at 108:23-25; 145:5-12. PML's only connection to the United States is that it has registered certain intellectual property assets at the USPTO, including the SUMMER WAVES Marks. *Id.* at 135:5-8. PML does not use the SUMMER WAVES Marks in United States commerce but instead licenses the Marks to other entities that may use the Marks in the United States. *Id.* at 168:1-4, 214:5-7; ECF 10-1 at ¶ 7; *see also* Inter. Resp. No. 5. PML does not buy or sell products or engage in any form of marketing in the United States. Szweda Depo. at 101:23-24, 103:24-104:4, 113:12-14, 113:25-114:1. Nor does PML generate or derive revenue from sales of products bearing its SUMMER WAVES Marks in the United States. *Id.* at 84:11-15, 87:16-88:8.

---

[5] Plaintiff does not allege that PML has "continuous and systematic" contacts with the U.S. such that PML is "essentially at home" and therefore subject to general jurisdiction in the U.S. under Rule 4(k)(2). *Daimler AG*, 571 U.S. at 127 (quoting *Goodyear*, 564 U.S. at 919); *see also Associated Transp. Line, Inc.*, 197 F.3d at 1075 ("[A] party's contacts with the forum that are *unrelated* to the litigation must be pervasive in order to support the exercise of personal jurisdiction under Rule 4(k)(2).")

In *Astor Chocolate Corp. v. Elite Gold Ltd.*, a plaintiff alleged trademark infringement and unfair competition against several defendants, including an intellectual property holding company, Elite Gold, that owned the allegedly infringing trademark. 510 F. Supp. 3d 108, 115–16 (S.D.N.Y. 2020). The court refused to exercise specific personal jurisdiction over Elite Gold under Rule 4(k)(2) despite plaintiff's arguments that Elite Gold purposefully availed itself to the laws of the United States by registering the allegedly infringing trademark and licensing it to others who sold products bearing the mark in the United States. *Id.* at 136 ("[T]he weight of authority rejects basing federal long-arm jurisdiction [Rule 4(k)(2)] on the mere registration of a U.S. trademark," ). The court was similarly unpersuaded by the plaintiff's second argument "that a trademark licensing agreement between foreign parties subjects the licensor to jurisdiction in any U.S. district court solely because the agreement does not forbid a licensee from selling products into the United States." *Id.* at 136–37. The *Astor Chocolate Corp.* decision mirrors those of courts conducting the typical due process analysis outside of the national-forum context of Rule 4(k)(2). *See* Section III.A.1. As recognized in these cases, PML's registration and licensing of the SUMMER WAVES Marks to entities who use the Marks in the United States does not constitute purposeful availment.

> **b.    Plaintiff's claims do not "arise out of relate to" PML's licensing of its trademarks.**

Exercising personal jurisdiction over PML under Rule 4(k)(2) fails the second part of the due-process inquiry, too. As explained in Section III.A.2, Plaintiff's trademark infringement and unfair competition claims do not "arise out or relate to" PML registering and licensing its SUMMER WAVES Marks because these claims require *use* of the Marks in commerce and PML does not use the Marks.

      **c.**      **The exercise of personal jurisdiction over PML pursuant to Rule 4(k)(2) would offend traditional notions of fair play and substantial justice.**

Even if the Court finds that Plaintiff's trademark infringement and unfair competition claims arise out of or relate to PML's contacts with the national forum, and that PML purposefully availed itself of the national forum, the exercise of jurisdiction over PML under Rule 4(k)(2) based solely on PML registering and licensing its Marks would offend traditional notions of fair play and substantial justice. *See* Section III.A.3.

      **2.**      **Application of Rule (4)(k)(2) over PML for Plaintiff's cancellation of trademark registrations claim would be improper because PML identifies another forum state in which jurisdiction is proper.**

A "federal court is entitled to use Rule 4(k)(2)" *only* when "the defendant contends that he cannot be sued in the forum state and *refuses to identify any other where suit is possible*." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001)) (emphasis added); *see also id.* ("A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there . . . ."). PML concedes that it is subject to personal jurisdiction in the Eastern District of Virginia for a properly pled claim of trademark registration cancellation.

## IV.    ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CANCELLATION OF TRADEMARK REGISTRATIONS CLAIM FOR FAILURE TO STATE A CLAIM OF FRAUD.

Plaintiff's claim under the Lanham Act for cancellation of PML's trademark registrations (Count IV) is predicated on fraud. *See* 15 U.S.C. § 1120. Thus, for this claim, Plaintiff is subject to the heighted pleading standard of Federal Rule of Civil Procedure 9(b), which is designed "to safeguard a defendant's reputation from 'improvident charges of wrongdoing[]' . . . ." *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir 1997) (quoting *Ross v. Bolton*, 904 F.2d 819, 823 (2d. Cir. 1990)). The heightened pleading standard of Rule 9(b) requires that Plaintiff

state with particularity the "facts as to time, place, and substance of the defendant's alleged fraud." *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 567 (11th Cir. 1994). Plaintiff must "plead more than conclusory allegations that certain statements were fraudulent; a complaint must allege facts giving rise to an inference of fraud." *Mandala v. Tire Stickers, LLC*, 829 Fed. Appx. 896, 901 (11th Cir. 2020); *see also United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002) ("If Rule 9(b) is to carry any water, it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged in . . . conclusory fashion."). Even accepting Plaintiff's alleged facts as true and construing them in the light most favorable to Plaintiff, Plaintiff fails to sufficiently set forth the factual support for its claims, much less meet the heightened pleading standard of Rule 9(b) for fraud. Plaintiff's allegations are devoid of factual support and fail to give rise to an inference of fraud.

In its Amended Complaint, Plaintiff alleges, based on information and belief, that PML knowingly and intentionally submitted false statements and altered specimens to mislead the USPTO into believing that the date of first use in commerce for each of its SUMMER WAVES Marks occurred in 2015 and 2016 when such uses did not occur until 2019. ECF 6 at ¶¶ 41, 82, 83, 85. These conclusory allegations are insufficient to support Plaintiff's fraud claim. In *Asian & W. Classics B.C. v. Selkow*, the Trademark Trial and Appeal Board of the USPTO held petitioner's allegations that respondent "alleged false statements to the Office . . . based solely upon information and belief . . . fail[ed] to meet the Fed. R. Civ. P. 9(b) requirements." 92 U.S.P.Q.2D 1478, 1479 (T.T.A.B. 2009). While the Eleventh Circuit has held that the Rule 9(b) standard may be relaxed to allow pleading on information and belief when facts are peculiarly within a defendant's knowledge or control, it still requires the party alleging fraud to set forth a factual basis for such a belief. *See Hill v. Morehouse Med. Assocs., Inc.*, No. 02-14429, 2003 WL

22019936, at *3 (11th Cir. 2003) (quoting *Lab. Corp. of Am.*, 290 F.3d at 1314 n.25); *see also Selkow*, 92 U.S.P.Q.2d at 1479 ("Pleadings of fraud made 'on information and belief,' when there is no allegation of 'specific facts upon which the belief is reasonably based' are insufficient.").

      Plaintiff's attempt to allege facts upon which its belief is reasonably based fails. First, Plaintiff identifies a 2018 Wayback Record purportedly showing use of a *SUMMER ESCAPES* trademark on an archived website printout. *See* ECF 6 at ¶ 40. Plaintiff provides no facts to support its speculation that use of the SUMMER ESCAPES trademark somehow precludes prior or simultaneous use of the SUMMER WAVES Marks. Contrary to Plaintiff's speculation, the testimony taken by Plaintiff during the jurisdictional discovery period confirm that the SUMMER WAVES Marks were in use in United States commerce *by or even earlier* than the dates submitted to the USPTO by PML in its applications. Szweda Depo. at 128:18-20, 129:6-23, 148:16-149:11. Second, Plaintiff alleges that the specimens PML submitted for the Marks "appear to consist of digitally altered images or mock-ups." ECF 6 at ¶ 39. Plaintiff does not identify what was allegedly "altered" or provide any facts to support its speculation that the specimens were "mock-ups." Nor does Plaintiff identify which characteristics of the specimens indicate "digitally altered images or mock-ups." Without more, Plaintiff's allegation that PML submitted false statements and altered specimens is not reasonably based on specific facts but instead is pure speculation.

      Accordingly, if this case is not dismissed for lack of personal jurisdiction, the Court should dismiss Plaintiff's cancellation of trademark registrations claim for failure to state a claim of fraud.

## V.    CONCLUSION

The Court should dismiss this case. In the alternative, the Court should dismiss Count IV of Plaintiff's Amended Complaint.

Respectfully submitted this 3rd day of June, 2022.

*/s/ Virginia L. Carron*
Virginia L. Carron (Ga. Bar No. 112770)
virginia.carron@finnegan.com
Trenton Ward (Ga. Bar No. 737779)
trenton.ward@finnegan.com
R. Gordon Wright (Ga. Bar No. 321339)
gordon.wright@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT
      & DUNNER, LLP**
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
Tel: (404) 653-6452

R. Brian Tanner (Ga. Bar No. 697615)
btanner@griffindurham.com
**GRIFFIN DURHAM TANNER CLARKSON LLC**
7 East Congress, Street, Suite 703
Savannah, GA 31401
Tel: (912) 867-9142

*Attorneys for Defendant Polygroup Macau Limited*

## <u>CERTIFICATE OF SERVICE</u>

Counsel for Defendant Polygroup Macau Limited hereby certifies that on June 3, 2022, the foregoing Renewed Motion to Dismiss For Lack of Personal Jurisdiction, or in the Alternative to Partially Dismiss For Failure to State a Claim and accompanying documents in support were filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.


/s/ *Virginia L. Carron*
Virginia L. Carron (Ga. Bar No. 112770)