UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JEKYLL ISLAND-STATE PARK AUTHORITY,<br><br>    Plaintiff,<br><br>      v.<br><br>POLYGROUP MACAU LIMITED,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 2:21-cv-8 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE OR DISREGARD ERIC SZWEDA'S ERRATA SHEET OR, IN
THE ALTERNATIVE, TO STRIKE OR DISREGARD PORTIONS THEREOF**

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................. 1

II.  PML'S BRIEF AND EXCUSABLE DELAY SHOULD NOT BE GROUNDS
     TO STRIKE OR DISREGARD THE ERRATA SHEET..................................... 1

III. MR. SZWEDA'S ERRATA SHEET CHANGES ARE PERMISSIBLE .......... 3

     A.   The Errata Sheet Changes were Necessitated by Plaintiff's Unreasonably
          Broad Topics and Interrogation ............................................................... 3

     B.   The Allegedly Substantive Errata Sheet Changes are Appropriate ........ 7

     C.   The Allegedly Contradictory Errata Sheet Change is Permissible Under
          this Court's Precedent ............................................................................. 9

IV.  CONCLUSION.................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                       **Page(s)**

*Candy Craft Creations, LLC v. Gartner*,
 No. CV 212-091, 2015 WL 1541507 (S.D. Ga. Mar. 31, 2015) .........................................10, 11

*Cent. Baptist Church of Albany Ga., Inc. v. Church Mut. Ins. Co.*,
 No. 1:16-cv-231, 2021 WL 8533677 (M.D. Ga. Sept. 30, 2021) ..........................................7, 8

*Collins v. Ferrel*,
 No. 5:18-cv-73, 2021 WL 5862095 (S.D. Ga. Sept. 23, 2021) ................................................10

*Collins v. Ferrel*,
 No. 5:18-cv-73, 2021 WL 4988869 (S.D. Ga. Oct. 27, 2021)..................................................10

*Cultivos Yadran S.A. v. Rodriguez*,
 258 F.R.D. 530 (S.D. Fla. Apr. 30, 2009).................................................................................7

*Harris v. JLG Indus.*,
 No. 15-00365, 2016 WL 4126521 (S.D. Ala. Aug. 2, 2016).....................................................9

*J.V. by Ortiz v. Seminole Cnty. Sch.*,
 No. 6:04-cv-1889, 2006 WL 8439580 (M.D. Fla. Oct. 12, 2006).............................................2

*In re Abilify (Aripiprazole) Prods. Liab. Litig.*,
 No. 3:16-md-2734, 2018 WL 1627812 (N.D. Fla. Apr. 4, 2018)..............................................7

*Lebron v. Royal Caribbean Cruises, Ltd.*,
 No. 16-24687-CIV, 2018 WL 4258269 (S.D. Fla. Sept. 6, 2018).............................................3

*Maronda Homes, Inc. of Fla. v. Progressive Express Ins. Co.*,
 No. 6:14-cv-1287, 2015 WL 4167377 (M.D. Fla. July 9, 2015)...............................................2

*Norelus v. Denny's, Inc.*,
 628 F.3d 1270 (11th Cir. 2010) .................................................................................................4

*Purdee v. Pilot TravelCtrs., LLC*,
 No. CV407-028, 2007 WL 3143716 (S.D. Ga. Oct. 23, 2007) .................................................7

*Reilly v. TXU Corp.*,
 230 F.R.D. 486 (N.D. Tex. 2005) ..............................................................................................7

*Ross v. City of Perry, Ga.*,
 No. 5:07-cv-433, 2009 WL 3190450 (M.D. Ga. Sept. 30, 2009)..............................................2

*Travelers Indem. Co. of Conn. v. Attorney's Title Ins. Fund, Inc.*,
    No. 2:13-cv-670, 2016 WL 866368 (M.D. Fla. Mar. 7, 2016) .................................................. 2

*Welch v. Mercer Univ.*,
    304 F. App'x 834 (11th Cir. 2008) .......................................................................................... 2

**Rules**

Fed. R. Civ. P. 26 .............................................................................................................................. 1

Fed. R. Civ. P. 30(b)(6) ......................................................................................................... 1, 3, 4, 6

Fed. R. Civ. P. 30(e) ................................................................................................................ *passim*

Defendant Polygroup Macau Limited ("PML") respectfully submits this Opposition to Plaintiff Jekyll Island-State Park Authority's ("Plaintiff") Motion to Strike or Disregard Eric Szweda's Errata Sheet or, in the Alternative to Strike or Disregard Portions Thereof (ECF 55).

## I.  INTRODUCTION

Plaintiff prolongs the parties jurisdictional dispute and further burdens the Court by filing this unwarranted motion pursuant to Fed. R. Civ. P. 30(e) to strike or disregard Mr. Szweda's errata sheet or portions thereof. Plaintiff violates the Court's Rule 26 Instruction Order, which requires the parties to meet-and-confer "**prior** to the filing of any discovery motions." ECF 2 at 5-6. If Plaintiff had complied, the parties could have resolved the dispute without the Court's intervention.

Nevertheless, Plaintiff's motion is substantively flawed for the following reasons. First, Eleventh Circuit precent does not support striking or disregarding an untimely errata sheet for a brief, much less excusable, delay, such as the one here. Second, Plaintiff itself necessitated the changes by serving a Rule 30(b)(6) deposition notice with 36 topics only one week before the deposition and then interrogating Mr. Szweda on topics that exceeded the scope of the jurisdictional discovery order and its own noticed topics. Third, this Court's precedent permits changes to a deposition transcript even if the changes are substantive or contradict prior testimony. For these reasons, PML respectfully requests that the Court deny Plaintiff's motion.

## II.  PML'S BRIEF AND EXCUSABLE DELAY SHOULD NOT BE GROUNDS TO STRIKE OR DISREGARD THE ERRATA SHEET

Fed. R. Civ. P. 30(e) provides a deponent 30 days after the deposition transcript is available "to sign a statement listing the changes and the reasons for making them." The parties received the 221-page transcript of Mr. Eric Szweda's 30(b)(6) deposition on May 31, 2022. *See* ECF 55-1.

1

PML had until Thursday, June 30, 2022, to submit a statement of changes. PML served the errata sheet on Tuesday, July 5, 2022—two business days after the deadline. *See* ECF 55-2.

Eleventh Circuit precedent does not support striking an errata sheet based solely on a slight delay, such as here. *See Travelers Indem. Co. of Conn. v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-cv-670, 2016 WL 866368, at *3-4 (M.D. Fla. Mar. 7, 2016) (refusing to strike an errata sheet based solely on deponent submitting the errata sheet **six-days late**); *Maronda Homes, Inc. of Fla. v. Progressive Express Ins. Co.*, No. 6:14-cv-1287, 2015 WL 4167377, at *1-2 (M.D. Fla. July 9, 2015) (refusing to strike errata sheets based solely on deponent submitting the errata sheets **four-days late** and **ten-days late**). Indeed, Eleventh Circuit courts only strike untimely errata sheets when the delay is significant. *See Welch v. Mercer Univ.*, 304 F. App'x 834, 837-38 (11th Cir. 2008) (affirming district court that suppressed an errata sheet submitted **more than a month late**); *J.V. by Ortiz v. Seminole Cnty. Sch.*, No. 6:04-cv-1889, 2006 WL 8439580, at *1-2 (M.D. Fla. Oct. 12, 2006) (excluding an errata sheet submitted more **than three months late**); *Ross v. City of Perry, Ga.*, No. 5:07-cv-433, 2009 WL 3190450, at *6 (M.D. Ga. Sept. 30, 2009) (striking an errata sheet submitted **98-days late**).

Additionally, PML's brief delay is excusable. On Thursday, June 30, 2022, Mr. Szweda's 90-year-old mother was admitted to a hospital with COVID-19. Declaration of Eric Szweda at ¶ 1. Mr. Szweda's 89-year-old father accompanied his mother to the hospital and was thereafter required to test for COVID-19 and isolate. *Id.* On this same day, Mr. Szweda visited a urologist to discuss indications of cancer detected during an annual physical. *Id.* Due to these circumstances, Mr. Szweda was unable to finish reviewing the 221-page deposition transcript and preparing the errata sheet by the June 30, 2022, deadline as planned. *Id.* On Friday, July 1, 2022, Mr. Szweda

completed these tasks and sent the signed errata sheet to counsel that evening. *Id* at ¶ 2. The errata sheet was then served on Plaintiff the following business day, Tuesday, July 5, 2022. *Id.*

Accordingly, PML's brief and excusable delay, for which Plaintiff provides no evidence that it was prejudiced, should not be grounds to strike the errata sheet.

**III. MR. SZWEDA'S ERRATA SHEET CHANGES ARE PERMISSIBLE**

The errata sheet includes 33 changes—24 of which correct typographical errors or inaudible testimony. *See* Plaintiff's Brief in Support of Its Motion to Strike (undocketed, under seal) ("Plaintiff's MTS Brief"), Ex. 3 (Errata Sheet). Plaintiff contends that eight changes exceed the scope of permissible changes under Rule 30(e).[1] *See Id.* at 1-2; *see also id.*, Ex. 4 (Plaintiff's chart of the disputed errata sheet changes). Specifically, Plaintiff argues that these eight changes either contradict prior testimony or add substance to the original deposition testimony. *See id.* at 3-9. As described below, the disputed changes are permissible because (1) PML's changes were necessitated by Plaintiff's overreaching Rule 30(b)(6) notice and deposition, and (2) Eleventh Circuit precedent permits substantive changes even if those changes are contradictory.

    **A. The Errata Sheet Changes were Necessitated by Plaintiff's Unreasonably Broad Topics and Interrogation**

Eleventh Circuit courts have recognized that Rule 30(b)(6) "does not require a deponent to testify with computer-like detail as to unreasonably broad topics." *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2018 WL 4258269, at *5 (S.D. Fla. Sept. 6, 2018); *see also*

---

[1] Plaintiff disputes one additional Errata Sheet change, which added two words to fill an inaudible gap in Mr. Szweda's testimony. *See* Plaintiff's MTS Brief at 9-10; *see also id.*, Ex. 4 at 3 (Errata Sheet change at pin cite 57:21-22). Plaintiff argues that the Court should strike or disregard the change because PML failed to provide a reason for making it. *See id.* at 10. While PML believes that the reason for this change is obvious from the surrounding testimony, it does not object to the Court striking or disregarding this one change. PML is prepared to submit a revised errata sheet without this change if the Court deems it necessary.

3

*Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1273 (11th Cir. 2010) ("No one's memory is perfect. People forget things or get confused, and anyone can make an innocent misstatement or two.").

The fact that Mr. Szweda had to correct a few mistakes is unsurprising given that PML had one week to prepare him to serve as the Rule 30(b)(6) corporate witness to testify on 36 broad topics, many of which exceeded the scope of the Court's jurisdictional discovery order. *See* ECF 51-19 (Plaintiff's notice of deposition); ECF 37 at 2-4 (ordering the parties to explore whether PML does business in the state of Georgia, whether PML uses the SUMMER WAVES marks in United States Commerce, and any *closely* related issues). In its responses and objections to Plaintiff's notice of deposition, PML objected to the insufficient time it had to prepare Mr. Szweda and the scope of the noticed topics. *See* ECF 51-20 at 1-2. Despite PML's objections, Plaintiff did not amend the topics or attempt to confer with PML regarding the scope of the topics.

At the outset of the deposition, PML's counsel reminded Plaintiff of PML's objections to the scope of Plaintiff's noticed topics:

> We presented and served last Friday our written objections to the various topics, many of which were that we object to the extent that the topic covers matters outside the scope of the Court's order based on her grant of your Motion for Jurisdictional Discovery. So we are prepared to offer Mr. Szweda on behalf of PML to answer questions that are within the scope of the jurisdiction in (jurisdictional) discovery, but we will be objecting to some of the questions if they stray outside of that scope.

ECF 51-21 at 35:24-36:8. Nonetheless, Plaintiff exceeded the permitted scope, prompting PML's counsel to express concern with Plaintiff's questioning:

> I'm giving you a lot of leeway and I'm going to continue to try to be -- let you get the questions that you have answered. But [topic] 17 specifically rate -- relates to sales in the United States and that's one of the reasons I think, you know, that we've continued to have concerns about the scope of the deposition and related to the scope of jurisdictional discovery. So I -- I would ask you to try to focus on the categories and its's, you know, the contacts with the U.S. Because we've gone very far afield with that.

4

*Id.* at 94:13-22. In total, PML's counsel objected to at least 25 of Plaintiff's questions as outside the scope of the jurisdictional discovery order, Plaintiff's noticed topics, or both. *See generally id.*

Plaintiff's overly broad topics and interrogation made it necessary for Mr. Szweda to review additional information after the deposition to ensure the accuracy of his testimony and the completeness of the record. Despite preparing and testifying to the best of his ability, Mr. Szweda identified a few mistakes and prepared the errata sheet to clarify these mistakes by making changes to the transcript "in form or substance," as expressly permitted by Fed. R. Civ. P. 30(e). Unsurprisingly, a few of these changes—that Plaintiff now disputes—address Mr. Szweda's testimony on questions that exceeded the scope of the jurisdictional discovery order and Plaintiff's noticed topics.

For example, Plaintiff disputes Mr. Szweda's change that supplemented his answer to a question about PML director compensation. *See* Plaintiff's MTS Brief, Ex. 4 at 2. PML objected to this question during the deposition as outside the scope of Plaintiff's noticed topics. *See* ECF 51-21 at 85:7-86:17. This example is reproduced below with additions to Mr. Szweda's original testimony shown with underline:

> Q: Okay. Does Paul -- does PML have a CFO?
>
> A: No. No. I -- I -- The way that it's set up is for, really to use holdings as the hiring and sort of compensation entity. It just makes it more efficient and streamlined. And then --
>
> Q: Okay. Is there any way that you could get an --
>
> A. I don't --
>
> Q: -- answer --
>
> A: I don't -- I don't get involved in -- in director sort of compensation. <u>PML is not set up to be an operating or revenue generating company, but on a few past occasions, infringers have paid sums to PML arising out of the settlement of claims of infringing use, and its accounts can receive bank interest.</u>

> Q: Is than an -- Is there any way that you could get an answer on if the directors of PML are compensated during a break?
>
> MS. CARRON [Attorney for PML]: Katie, what -- Let me just ask a question. What is the relevance to this to your notice and your jurisdictional discovery?
>
> MS. VANCE [Attorney for Plaintiff]: Do you -- Are you asking which topic this relates to or why I'm asking it?
>
> MS. CARRON: Sure. We can start with which topic it relates to.
>
> MS. VANCE: Okay. I'd like to direct you -- Okay. I'd like to direct you to topic number 16 of the 30(b)(6) notice, information regarding the handling of salary, insurance and benefits of employees with job duties among the various Polygroup companies. Number 17, any and all revenue and/or profit derived by PML. Number, 18 budget and expenditures for PML.
>
> MS. CARRON: Right. So I'm still not -- I'm still not seeing how your question about director compensation fits in any of those categories.
>
> MS. VANCE: Would it be a salary if directors are compensated?
>
> MS. CARRON: They're not employees. I think they're -- that's the clear testimony.
>
> MS. VANCE: Okay.

*See* Plaintiff's MTS Brief, Ex. 3 at 3 (errata sheet); ECF 51-21 at 85:7-86:17 (original deposition transcript); *see also, e.g.*, Plaintiff's MTS Brief, Ex. 4 (Plaintiff's chart of the disputed errata sheet changes, including questions related to individuals designated to buy or acquire patented technology for PML (pin cite 137:13) and payments PML has received from its subsidiary Polygroup Limited Macao Commercial Offshore ("MCO" or "PLMCO") for management services (pin cite 98:23), each of which are outside the scope of Plaintiff's noticed topics). It is unreasonable for Plaintiff to expect a Rule 30(b)(6) witness to be able to answers questions outside the scope of its noticed topics and then object to changes that supplement his testimony on those questions for which he was justifiably not prepared to testify.

Accordingly, the Court should not strike or disregard the errata sheet changes.

### B.     The Allegedly Substantive Errata Sheet Changes are Appropriate

Fed. R. Civ. P. 30(e) is plain and clear on its face—a deponent is entitled to make changes "in form or *substance*." (emphasis added). The Eleventh Circuit has yet to clearly decide whether Rule 30(e) permits deponents to make substantive changes to their testimony. *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, No. 3:16-md-2734, 2018 WL 1627812, at *3 (N.D. Fla. Apr. 4, 2018) ("[T]he Eleventh Circuit has not explicitly adopted one view or the other on this issue."). However, "most district courts in the Eleventh Circuit have adopted a broad view of Rule 30(e) and allowed substantive changes." *Cent. Baptist Church of Albany Ga., Inc. v. Church Mut. Ins. Co.*, No. 1:16-cv-231, 2021 WL 8533677, at *3 (M.D. Ga. Sept. 30, 2021) (collecting cases); *Purdee v. Pilot TravelCtrs., LLC*, No. CV407-028, 2007 WL 3143716, at *1 (S.D. Ga. Oct. 23, 2007) ("There is no merit to defendant's contention that a deponent cannot make substantive changes to her testimony by way of Rule 30(e) errata corrections . . . for the rule expressly allows 'changes in form or *substance*' to be appended to the deposition." (quoting Fed. R. Civ. P. 30(e))). The broad view of Rule 30(e) is not only consistent with the plain reading of the Rule, but also "furthers the purpose of the discovery process–to allow the parties to elicit the true facts of a case . . . . " Apr. 30, 2009) (quoting *Reilly v. TXU Corp.*, 230 F.R.D. 486, 490 (N.D. Tex. 2005)).

Plaintiff argues that the Court should strike or disregard seven of PML's errata sheet changes because they "supplement[] his original testimony inappropriately . . . under the guise of 'clarification.'" Plaintiff's MTS Brief at 6-8. Pursuant to the majority view in the Eleventh Circuit and the plain language of Rule 30(e), however, the disputed changes are permissible even if they are substantive.

Plaintiff is not prejudiced by these changes. Plaintiff argues that the disputed changes cause it confusion and deprive it the ability to ask follow-up questions on the changes. *See* Plaintiff's MTS Brief at 8-9. The changes do not create confusion but rather ensure the accuracy of Mr.

7

Szweda's testimony on topics that were unnoticed or unreasonably broad for the jurisdictional deposition. *See* Section III.A. Plaintiff elicited testimony from Mr. Szweda for a full day on the narrow issue of personal jurisdiction but now claims that the errata sheet changes "spawn more questions related to the cash flow between the Polygroup member companies, PML's profits, and PML's involvement in infringement suits . . . ." Plaintiff's MTS Brief at 9. Between PML's written discovery responses (ECF 51-5, 51-6), deposition testimony (ECF 51-21), and the errata sheet, PML has provided Plaintiff all the information it has relevant to these issues and any further interrogation of Mr. Szweda on these topics would be futile and inconsequential.

Additionally, PML did not rely on *any* of the errata sheet changes in its Reply in Support of its Renewed Motion to Dismiss (ECF 52) (the "Reply"). If anything, the disputed changes strengthen Plaintiff's jurisdiction positions—although not to an extent that Plaintiff can satisfy its burden to establish personal jurisdiction over PML. And Plaintiff could have supplemented its jurisdictional arguments with these changes in its Sur-Reply to Defendant's Renewed Motion to Dismiss (undocketed, under seal) (the "Sur-Reply") that it filed 9 days after receiving the errata sheet but did not do so.

If the Court determines that Plaintiff was prejudiced by the disputed changes, which PML disputes, the Court may impose a less severe remedy than striking or disregarding the changes. For example, Eleventh Circuit courts applying the broad view of Rule 30(e) have applied safeguards to prevent abuse, such as allowing the original testimony to remain part of the record. *See Cent. Baptist Church*, 2021 WL 8533677, at *3 (listing safeguards designed to prevent abuse that have persuaded courts to adopt "the broad view of Rule 30(e)" (quoting *Harris v. JLG Indus.*, No. 15-00365, 2016 WL 4126521, at *3 n.6 (S.D. Ala. Aug. 2, 2016))).

8

Accordingly, the Court should not strike or disregard the seven changes that Plaintiff argues supplement Mr. Szweda's testimony.

### C. The Allegedly Contradictory Errata Sheet Change is Permissible Under this Court's Precedent

Plaintiff identifies one errata sheet change that it argues is contradictory to Mr. Szweda's original testimony, PML's prior representations to the Court, and PML's written discovery responses. *See* Plaintiff's MTS Brief at 4. This change is reproduced below with changes to Mr. Szweda's testimony shown with strike-through (for deleted testimony) and underline (for added testimony):

> Q: Okay. So now I would like to pick back up where we had left off. Has PML ever received a payment from PLMCO for management services?
>
> A: ~~No~~ Yes. I -- I do ~~not~~ believe Polygroup Macau Limited received payments for management services from –
>
> Q: Okay.
>
> A. MCO. Now you know, the -- How the finance and accounting team divide up intragroup costs and expenses, you know, I'm -- that's not my function and -- and I wouldn't -- you know, I'm not going to be privy to all of that. But I -- I do -- I do not think that MCO is charging Polygroup Macau Limited. I've never heard of that.

*See id.*, Ex. 3 (Errata Sheet); ECF 51-21 at 98:20-99:6 (original deposition transcript).[2]

To the extent the Court finds that this or other errata sheet changes are contradictory, it should not strike or disregard such changes. This Court has consistently found that substantive errata sheet changes are permissible even if they contradict prior testimony. *See Candy Craft*

---

[2] The subject of Plaintiff's question, management service fees, in this Errata Sheet change is unrelated to finances derived from any activity in the United States. *See* ECF 51-69 (management services agreement between PML and MCO). Thus, as discussed in Section III.A, this change was necessitated by Plaintiff asking Mr. Szweda questions he was unprepared to answer because they were outside the scope of the Court's jurisdictional discovery order, the disputed issues, and Plaintiff's 30(b)(6) topics.

9

*Creations, LLC v. Gartner*, No. CV 212-091, 2015 WL 1541507, at *10 (S.D. Ga. Mar. 31, 2015) (denying motion to strike errata sheets that included changes contradicting prior testimony); *Collins v. Ferrel*, 5:18-cv-73, 2021 WL 5862095, at *2 (S.D. Ga. Sept. 23, 2021) *report and recommendation adopted*, *Collins v. Ferrel,* No. 5:18-cv-73, 2021 WL 4988869 (S.D. Ga. Oct. 27, 2021) (finding flexible approach that allows substantive errata changes that contradict prior deposition testimony "to be the correct one"); *Purdee*, 2007 WL 3143716, at *2 ("[I]t is permissible for plaintiff to submit an errata sheet that substantively changes her answers, even if those changes contradict her previous testimony."). In *Candy Craft*, the defendant deposed two of plaintiff's 30(b)(6) representatives and then filed a summary judgment motion. *Candy Craft*, 2015 WL 1541507, at *10. After the defendant filed the summary judgment motion, the plaintiff filed errata sheets with substantive changes that contradicted testimony on which the defendant relied in its summary judgment motion. *Id.* at *10-11. This Court denied the defendant's motion to strike the errata sheet but disregarded the contradictory changes when deciding the defendant's summary judgment motion to mitigate the risk that the plaintiff was improperly manufacturing a factual dispute to avoid summary judgment. *Id.* at *11-12.

Here, the circumstances under which PML submitted the errata sheet are less conducive to abuse than those in *Candy Craft*. PML did not file the errata sheet to avoid summary judgement. PML made the changes to ensure the accuracy of Mr. Szweda's testimony and did not rely on *any* of the changes in its Reply. *See* Section III.B. Like the seven changes Plaintiff argues are substantive, the change Plaintiff identifies as contradictory favors its jurisdictional positions, and Plaintiff was free to supplement its jurisdictional arguments with this change in its Sur-Reply. Thus, even if the Court finds PML's changes objectionable, the court should only implement a remedy, if any, that is less severe than disregarding the changes as it did in *Candy Craft*. *See*

10

Section III.B (discussing safeguards implemented by Eleventh Circuit courts to prevent abuse by parties submitting errata sheets).

While the one change arguably contradicts Mr. Szweda's original deposition testimony (*see, e.g.*, ECF 51-21 at 84:14-15), PML disputes Plaintiff's claim that this change "directly contradicts" PML's written discovery responses to Plaintiff's interrogatory number 12 and request for production number 38. Plaintiff's MTS Brief at 5. PML receiving payments for management services from MCO does not contradict PML's responses to these requests, which are as follows:

> [s]ubject to and without waiving any of its objections, PML responds as follows: PML does not derive any revenue or profit from any related Polygroup companies for sales to customers in the United States of products branded with PML's SUMMER WAVES marks.

ECF 51-5 at 14 (response to interrogatory no. 12).

> [s]ubject to and without waiving any of its objections, PML states that it has no "income statements, profit and loss statements, cash flow statements, annual reports and/or similar documents" evidencing the finances of PML related to its SUMMER WAVES marks in the United States.

ECF 51-6 at 32 (response to request for production no. 38).

The management service fee PML receives from MCO is unrelated to customer sales in the United States of products branded with PML's SUMMER WAVES Marks. *See* ECF 51-69 (management services agreement between PML and MCO). Moreover, the financial reports showing that PML receives a management service fee do not evidence finances of PML related to its SUMMER WAVES marks in the United States. *See, e.g.*, ECF 51-47 (PML 2018 audited financial report). Accordingly, PML did not produce these financial reports as they were outside the scope of the Court's jurisdictional discovery order. *See* ECF 37 at 2-4.

PML also disputes Plaintiff's claim that "PML asserted in its Reply the day after Mr. Szweda's Errata was due that Jekyll never inquired about the financial reports; then the following

11

week, PLM served Jekyll with *corrections* related to testimony elicited from questions about the financial reports." Plaintiff's MTS Brief at 4-5. To be clear, Plaintiff did not introduce the financial reports as exhibits during the deposition of Mr. Szweda. *See* ECF 51-21 at 2 (index to deposition exhibits). Rather, Plaintiff asked Mr. Szweda questions matters also found in the financial reports, including management service fees, without reference to the reports. *See, e.g.*, *id.* at 98:20-99:6. If Plaintiff had introduced the financial reports in the deposition, Mr. Szweda could have used them to refresh his recollection, which he did when reviewing the transcript, and then he could have answered Plaintiff's question without needing to later correct his testimony on a subject that was outside the scope of the jurisdictional discovery order and Plaintiff's 30(b)(6) topics.

Accordingly, the Court should not strike or disregard this errata sheet change.

**IV.   CONCLUSION**

PML respectfully requests that the Court deny Plaintiff's motion.

*/s/ Virginia L. Carron*
Virginia L. Carron (Ga. Bar No. 112770)
virginia.carron@finnegan.com
Trenton Ward (Ga. Bar No. 737779)
trenton.ward@finnegan.com
R. Gordon Wright (Ga. Bar No. 321339)
gordon.wright@finnegan.com
**FINNEGAN LLP**
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
Tel: (404) 653-6452

Brian Tanner (Ga. Bar No. 697615)
btanner@griffindurham.com
**GRIFFIN DURHAM TANNER CLARKSON LLC**
7 East Congress, Street, Suite 703
Savannah, GA 31401
Tel: (912) 867-9142

*Attorneys for Defendant Polygroup Macau Limited*

## CERTIFICATE OF SERVICE

Counsel for Defendant Polygroup Macau Limited hereby certifies that on August 2, 2022 the foregoing Opposition to Plaintiff's Motion to Strike or Disregard Eric Szweda's Errata Sheet or, in the Alternative, to Strike or Disregard Portions Thereof and accompanying documents in support were filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/ Virginia L. Carron*
Virginia L. Carron (Ga. Bar No. 112770)