# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| **JEKYLL ISLAND-STATE PARK AUTHORITY,** | |
| Plaintiff, | CIVIL ACTION FILE NO. 2:21-cv-8 |
| v. | |
| **POLYGROUP MACAU LIMITED,** | |
| Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE OR DISREGARD ERIC SZWEDA'S ERRATA SHEET OR, IN THE ALTERNATIVE, <u>TO STRIKE OR DISREGARD PORTIONS THEREOF</u>**

Plaintiff Jekyll Island-State Park Authority ("Jekyll") submits this Reply in Support of Its Motion to Strike or Disregard Eric Szweda's Errata Sheet or, in the Alternative, to Strike or Disregard Portions Thereof.

## I.     ARGUMENT

### A.     PLAINTIFF'S MOTION TO STRIKE IS GOVERNED BY FEDERAL RULE OF CIVIL PROCEDURE 12.

On April 21, 2021, Jekyll filed its Amended Complaint in this action. (DI 6). In response to Jekyll's Amended pleadings, on July 20, 2021, Defendant Polygroup Macau Limited ("PML") filed its Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative to Partially Dismiss for Failure to State a Claim. (DI 10). After the Motion to Dismiss briefing concluded (DI 17, DI 25), on September 16, 2021, following the parties Joint Motion for Extension of Time, this Court ordered a stay of all discovery deadlines pending resolution of PML's motion to dismiss. (DI 27). On January 13, 2022, this Court held a Motion Hearing and ordered that jurisdictional discovery be afforded to Jekyll. (DI 34, DI 37). At the close of jurisdictional discovery, PML filed its Renewed Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative to Partially Dismiss for Failure to State a Claim. (DI 47). Again, this Motion to Dismiss is related to Jekyll's Amended Pleadings. (DI 6). In fact, PML has not yet provided an answer to Jekyll's Complaint. Given that the case has not yet progressed to discovery, Jekyll submitted its Motion to Strike to this Court pursuant to Fed. R. Civ. P. 12(f), not Fed. R. Civ. P. 26.

PML asserts Jekyll violated the Court's Rule 26 Instruction Order by failing to meet-and-confer prior to filing its Motion to Strike. (DI 57 at 5). Local Rule 26 and this Court's Rule 26 Instruction Order "provide instructions to the parties regarding their initial *discovery obligations*" and an order to conduct a Rule 26(f) conference. (DI 2) (emphasis added).

1

Accordingly, given the current case posture, Jekyll submitted its objection to Eric Szweda's Errata in the form of a Motion to Strike under the assumption that the case has not yet entered discovery and that PML used Mr. Szweda's testimony to support its Motion to Dismiss. Thus, Fed. R. Civ. P. 12(f) was the appropriate avenue for redress.

In the event this assumption is incorrect, Jekyll apologizes for the misunderstanding and will withdraw the motion promptly and proceed according to Local Rule 26 and this Court's Instruction Order.

      **B.**      **PML'S COUNSEL FAILED TO REQUEST LEAVE OF THE RULE 30 DEADLINE.**

To support its contention that the Eleventh Circuit does not strike errata sheets based *solely* on a slight delay, PML cites to several distinguishable cases. (DI 57 at 6). PML's assertion downplays the importance of the Rule 30(e) deadline. Specifically, PML's citation to *Travelers* fails to acknowledge the final statement of that court: "[a]s such, the Court finds that due to the procedural violations of Rule 30(e), the errata sheet must be stricken." *Travelers Indem. Co. of Connecticut v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-CV-670-FTM-38CM, 2016 WL 866368, at *7 (M.D. Fla. Mar. 7, 2016); *see also id*. at 4 ("The untimeliness of the errata sheet coupled with its failure to include any reasons for the changes made are sufficient grounds to strike the errata.") Indeed, the slight delay in *Travelers* was a factor that ultimately led to the errata being stricken. *See id*. Similarly, in *Maronda Homes*, the court considered the untimely return of the errata along with failure to provide reasons for the changes. *See Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*, No. 6:14-CV-1287-ORL-31, 2015 WL 4167377, at *2 (M.D. Fla. July 9, 2015) (Due to discrepancies with the dates the transcripts were actually received, the court gave the deponent the benefit of the doubt and only found one of the two errata to be untimely.) The *Maronda* court ultimately found "[b]ecause [the errata] are both

procedurally and substantively improper, the errata sheets to [deponent's] depositions are [stricken]." *Id*. at 4. Additionally, PML's assertion that "Eleventh Circuit courts *only* strike untimely errata sheets when the delay is significant" is unsupported by caselaw. (DI 57 at 6). "Although the Eleventh Circuit has yet to consider the flexibility of the Rule with respect to its time limit, most courts who have considered it have construed it strictly." *J.V. by Ortiz v. Seminole Cnty. Sch. Bd.*, No. 604CV1889ORL28JGG, 2006 WL 8439580, at *1 (M.D. Fla. Oct. 12, 2006); *Owners Ins. Co. v. White*, No. 2:12-CV-00233-WCO, 2014 WL 12461045, at *6 (N.D. Ga. Jan. 23, 2014) (excluding an errata sheet because it was submitted 14 days past the 30-day deadline.)

Additionally, PML asserts the delay is excusable, yet cites no case law to support this contention. While the circumstances surrounding Mr. Szweda's failure to complete the Errata within the deadline are unfortunate, they take up only one of the thirty available days. PML could have notified Jekyll that it would not be able to meet the Rule 30(e) deadline and requested an extension of time. *Owners*, 2014 WL 12461045, at 6. (reasoning in part an errata sheet untimely where deponent failed get opposing counsel's consent to an extension of time to submit their errata.) Additionally, Mr. Szweda's doctor's appointment and unfortunate family situation does not qualify automatically as an excusable delay. *See, e.g., Allen v. Durham Sch. Servs., L.P.*, 340 F.R.D. 531, 534 (D.N.H. 2021) (finding delay excusable where the errata was due in the early days of the COVID-19 global pandemic.); *Allstate Ins. Co. v. Vizcay*, No. 8:11-CV-804-T-17EAJ, 2013 WL 12157903, at *3 (M.D. Fla. Nov. 7, 2013) (finding excusable delay due to "confusion surrounding the parties' intentions to continue [the] deposition and the time spent translating the depositions into Spanish."); *Reed v. Hernandez*, 114 F. App'x 609, 611 (5th Cir.

2004) (finding errata untimely where failure to adhere to Rule 30(e) requirement was due to attorney error.)

Accordingly, Mr. Szweda's Errata was untimely and should be stricken or disregarded.

C. **PML'S ASSERTIONS THAT THE ERRATA CHANGES ARE THE RESULT OF INADEQUATE TIME TO PREPARE AND TESTIMONY EXCEEDING THE SCOPE OF JURISDICTIONAL DISCOVERY ARE NONVIABLE.**

PML asserts in part the errata changes are due to Mr. Szweda *only* having a whole week to prepare for the deposition. (DI 57 at 8). Specifically, PML asserts that it had insufficient time to prepare Mr. Szweda. To the extent PML is asserting it produced an unprepared Rule 30(b)(6) deponent, PML has failed to comply with its obligations under the Federal Rules. *See Cont'l Cas. Co. v. First Fin. Emp. Leasing, Inc.*, 716 F. Supp. 2d 1176, 1189 (M.D. Fla. 2010) ("If the designated deponent cannot answer questions regarding the subject matter as to which he is designated, then 'the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions.'") (citation omitted). "A corporation must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters." *Career Emp. Pros., Inc. v. Manufacturers All. Ins. Co.*, No. CV417-083, 2019 WL 3502642, at *2 (S.D. Ga. Aug. 1, 2019) (citations omitted).

Additionally, PML attempts to blame Jekyll for Mr. Szweda's confusion and subsequent errata because Jekyll's Notice included too many topics. (DI 57 at 8). PML asserts that the 36 deposition topics noticed were too broad and outside the scope of jurisdictional discovery. (*Id*. at 8-10). As Jekyll has previously asserted, PML inappropriately limited the scope of its discovery production and responses to activities only linked to SUMMER WAVES in the United States. (DI 51 at 2, 7). This improper limitation has created not only another unnecessary hurdle for

4

Jekyll, but now an excuse for PML's Rule 30(b)(6) witness's inability to recall some of the most general questions about PML's revenue and compensation. (*Id*. at 9-10). This limitation to the scope of jurisdictional discovery is inappropriate and should not be an avenue for PML to alter its original testimony. Additionally, PML argues that it objected to the scope during the deposition and cites over a page of deposition testimony. (DI 57 at 9). However, this is the only one of the seven errata changes to provide "clarification" in which PML objected to the question during the deposition. (51-18).

Notwithstanding, accepting PML's contentions as true (for arguments' sake), the proper avenue for PML to complain was to move for a protective order, *not* to serve an untimely errata without leave of the Court changing the deponent's testimony without reason. *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 89 Fed. R. Serv. 3d 1550 (E.D.N.C 2014).

### D. JEKYLL IS PREJUDICED BY THE ERRATA'S CONTRADICTORY CHANGES.

PML repeatedly relies on Mr. Szweda's deposition testimony in its Renewed Motion to Dismiss as well as its Reply in Support of its Renewed Motion to Dismiss. (DI 47, DI 52). Both papers were filed *prior* to submission of the Errata changes. (DI 55-2). In its Opposition to the Motion to Strike, PML argues that it did not rely of any of the errata changes and that the changes in fact strengthen Jekyll's position. (DI 57 at 12). This is a red herring. The obvious conclusion from this assertion is, of course PML didn't rely on any of the statements it intended to change. Jekyll submitted Mr. Szweda's entire deposition testimony into the record as evidence in support of its Opposition to PML's Motion to Dismiss. (DI 51-18). Furthermore, as outlined in the Motion to Strike, even though PML made changes to portions of the testimony, those changes in fact contradict other testimony. (Plaintiff's Brief in Support of Its Motion to Strike (undocketed, under seal) ("Plaintiff's MTS") at 9). PML attempts to assert that changing Mr.

5

Szweda's testimony after the majority of briefing is complete does not prejudice Jekyll. In fact, to support the contention that PML should be able to substantively change the original testimony, PML asserts that the changes ensure the accuracy of Mr. Szweda's testimony. Not so. PML cannot plausibly be representing to this Court that additions such as "not that I am certain of" and "[s]orry, other way around[]" do not create confusion. (DI 57 at 11, Plaintiff's MTS at 7-8). The issues created by the errata changes (which also now contradict PML's written discovery responses) are clearly outlined in Plaintiff's MTS. (Plaintiff's MTS at 6-9).

Finally, Jekyll never suggested reopening Mr. Szweda's deposition to remedy the confusion created by the errata changes. Notwithstanding, PML asserts "any further interrogation of Mr. Szweda on these topics would be futile and inconsequential." (DI 57 at 12). This assertion is correct, but not for the reasons PML suggests. *See id*. (Suggesting Jekyll already has everything it needs from PML's written discovery responses, deposition testimony, and the errata.) Given PML's scant discovery responses, the confusion created from changed deposition testimony, and the fact the Motion to Dismiss is fully briefed, reopening the deposition would be futile and a waste of resources. For this reason, Jekyll requests that the Errata be stricken or disregarded instead of trying to depose Mr. Szweda again.

## II. CONCLUSION

For the reasons stated herein and the previous Motion (Plaintiff's MTS), Jekyll respectfully requests the Court to strike or disregard Mr. Szweda's Errata or, in the alternative, strike or disregard portions of Mr. Szweda's Errata.

Respectfully submitted 16th day of August, 2022.

CHRISTOPHER M. CARR
Attorney General
Georgia Bar No. 112505

ALKESH PATEL
Senior Assistant Attorney General
Georgia Bar No. 583627

*/s/Kathryn A. Vance*
Katrina M. Quicker
Special Assistant Attorney General
Georgia Bar No. 590859
Kathryn A. Vance
Georgia Bar No. 783480
QUICKER LAW, LLC
Two Ballpark Center
800 Battery Avenue SE, Suite 100
Atlanta, GA 30339
T: 678-750-0451
F: 470-533-1182
kquicker@quickerlaw.com
kvance@quickerlaw.com

*Attorneys for Plaintiff*
*Jekyll Island State-Park Authority*

**CERTIFICATE OF SERVICE**

I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This 16th day of August, 2022

*/s/Kathryn A. Vance*
KATHRYN A. VANCE
Georgia Bar No. 783480
QUICKER LAW, LLC
Two Ballpark Center
800 Battery Avenue SE, Suite 100
Atlanta, GA 30339
T: 678-750-0451
F: 470-533-1182
kvance@quickerlaw.com