IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JEKYLL ISLAND-STATE PARK AUTHORITY,<br><br>          Plaintiff,<br><br>     v.<br><br>POLYGROUP MACAU LIMITED,<br><br>          Defendant. | CIVIL ACTION NO.: 2:21-cv-8 |

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Strike or Disregard Eric Szweda's Errata Sheet.[1]  Docs. 55, 66.  Defendant responded in opposition to the Motion.  Doc. 57.  Plaintiff replied.  Doc. 59.  For the following reasons, I **GRANT in part** and **DENY in part** Plaintiff's Motion.  The Court **STRIKES** the change at 57:21–22 but allows the remaining changes.  Though the remaining errata changes are permissible, the original answers will remain in the record.  Additionally, the Court may exercise its discretion to disregard any substantive, contradictory changes when ruling on Defendant's pending Motion to Dismiss.

BACKGROUND

Plaintiff filed its Complaint on January 22, 2021, amending it once as a matter of course on April 21, 2021.  Docs. 1, 6.  Defendant responded by filing a motion to dismiss for lack of

---

[1]  The parties disagree about whether Plaintiff's Motion to Strike is a discovery motion or an evidentiary motion and, consequently, whether informal conferral was required before Plaintiff filed the Motion.  See Doc. 57 at 5; Doc. 59 at 2–3.  Regardless of the proper designation, there is no indication informal conferral would have resolved or narrowed the parties' dispute.  In fact, once confronted with the Motion, Defendant has not conceded any points.  To the extent Plaintiff should have pursued informal resolution first, the failure to do so was harmless.  On these facts, I excuse any failure to pursue informal conferral and address the merits of Plaintiff's Motion.

jurisdiction.  Doc. 10.  The Court denied the motion to dismiss without prejudice and allowed a 60-day period of jurisdictional discovery.  Doc. 37 at 4.  The Court permitted Defendant to re-urge its motion to dismiss after that 60-day period.  Id.

After the start of jurisdictional discovery, Plaintiff served Defendant with a Rule 30(b)(6) deposition notice.  Doc. 66 at 2.  Defendant identified Mr. Eric Szweda, Defendant's general counsel, as its corporate representative.  Id.  The deposition took place on May 16, 2022.  Id.  At the deposition, Defendant's counsel requested an errata sheet.  Id.  The deposition transcript was made available on May 31, 2022.  Id.  Defendant returned the errata sheet on July 5, 2021, 35 days after the errata was made available.  Id.; Doc. 55-2.  After the jurisdictional discovery period ended, Defendant re-urged its motion to dismiss, using the 30(b)(6) deposition as support.[2]  See Docs. 47, 47-1.

## DISCUSSION

Plaintiff asks the Court to strike or disregard the 30(b)(6) deposition errata sheet in its in entirety due to untimeliness.  Doc. 66 at 2–3.  In the alternative, Plaintiff asks the Court to strike or disregard various individual changes identified in the errata sheet.  Doc. 55-4 at 2–3.  Defendant opposes the Court striking any portion of the errata sheet.  Doc. 57.

I.      **The Errata Sheet Was Untimely, But the Delay Is Excusable**

Plaintiff argues the 30(b)(6) deposition errata sheet was untimely and, thus, should be disregarded in its entirety.  Doc. 66 at 3.  Defendant argues the errata was only delayed by two business days and courts routinely excuse minor delays in service of an errata sheet.  Doc. 57 at 6–7.  Defendant argues the delay is excusable due to the representative and his family's personal health issues.  Id. at 6.

---

[2] Defendant also asks the Court to, in the alterative, dismiss Plaintiff's claims for failure to state a claim upon which relief may be granted.

Federal Rule of Civil Procedure 30(e) allows a deponent "30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." "Rule 30(e) calls for strict compliance with [its] procedural requirements." Travelers Indem. Co. of Conn. v. Att'y's Title Ins. Fund, Inc., Case No. 2:13-cv-670, 2016 WL 866368, at *2, 4 (M.D. Fla. Mar. 7, 2016); see also Cent. Baptist Church of Albany, Ga., Inc., v. Church Mutual Ins. Co., Case No: 1:16-cv-231, 2021 WL 8533677, at *2 (M.D. Ga. Sept. 30, 2021) (striking a change where deponent failed to state any reason for the change in violation of Rule 30(e)). Courts are reluctant to strike an errata sheet solely based on untimeliness when the delay was only a few days. See, e.g., Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co., No. 6:15-cv-1287, 2015 WL 4167377, at *2 (M.D. Fla. July 9, 2015) (finding the errata sheet was untimely but declining to strike on that basis alone); Travelers Indem. Co. of Conn., 2016 WL 866368, at *4 ("Due to the short nature of the delay, however, the Court will not determine whether the errata should be stricken on this basis alone without considering the Plaintiffs' other arguments.").

Courts have the discretion to allow or disregard untimely corrections. See 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary Rule 30, at 19, Westlaw FRCP-RC RULE 30. The parties agree the errata sheet was late by only two business days. Two business days is a minor delay, and Plaintiff has not identified any prejudice resulting from the delay or any potential tactical advantage that could be derived by delaying delivery of the errata sheet. See Deeb v. SMC Marketing Corp., No. 1:16-cv-2468, 2018 WL 6177958, at *3 (N.D. Ga. Aug. 6, 2018) (declining to exclude an errata sheet that was 11 days

3

late because plaintiff could not point to prejudice caused by the delay or that defendant sought a tactical advantage in delaying errata delivery).

Aside from the lack of prejudice, Mr. Szweda, the corporate representative, shows good cause as to why he delayed in submitting his 30(b)(6) errata. Mr. Szweda testifies his errata sheet was late because of an unexpected medical emergency involving his elderly mother contracting COVID-19 and being moved to hospice. Doc. 57-1 at 1–2. Mr. Szweda also received concerning personal health news about a potential cancer diagnosis. Id. These facts show Mr. Szweda had an excusable reason for the delay.

For all of these reasons, the Court excuses the brief delay, will deem Mr. Szweda's errata sheet timely, and will not strike the errata sheet due to untimeliness.

**II.     One of the Changes in the Errata Should Be Stricken as Improper**

In addition to challenging the errata sheet as untimely, Plaintiff argues nine specific changes in the errata sheet are improper and should be stricken.[3] Doc. 66 at 4, 6. Defendant opposes striking all but one of the nine changes. See Doc. 57 at 7.

The unopposed challenge concerns Mr. Szweda's errata change to testimony found at 57:21–22 of the transcript and replaces certain language with the words "never heard." Doc. 66 at 9–10; Doc. 55-6 at 4. Plaintiff challenges this change because Mr. Szweda gave no reason for the change.[4] Defendant does not object to striking this change, acknowledging it did not provide

---

[3] The errata sheet contains 33 changes. Plaintiff challenges 9 of those changes. The disputed changes concern the deposition testimony 57:21–22, 62:24, 66:10, 85:15, 88:20, 98:23, 99:13, 137:13, and 210:3.

[4] Notably, this is the only errata change for which Plaintiff challenges the reason provided for the errata change. At one point in the briefing, Plaintiff suggests the reason Mr. Szweda provided for a change is "puzzling," doc. 66 at 5, but Plaintiff does not expressly challenge the reason as insufficient or argue the reason requires striking the errata change.

4

a reason for the change.  Doc. 57 at 7 n.1.  Since Mr. Szweda did not provide a reason for the change, as required by Rule 30(e), the Court **STRIKES** the change at 57:21–22.  Defendant states it "is prepared to submit a revised errata sheet without [the change concerning the testimony at 57:21–22] if the Court deems it necessary."  Doc. 57 at 3 n.1.  Defendant is not required to submit a revised errata sheet.  Rather, if the parties use Mr. Szweda's deposition and errata sheet for any purpose in this litigation, they shall redact this portion of the errata sheet in accordance with this Order.

Plaintiff challenges eight other errata sheet changes as improper because, it argues, the changes contradict either the original deposition testimony, assertions in Defendant's representations to the court, or Defendant's discovery responses or improperly supplement previous testimony.  Doc. 66 at 4, 6–7 (challenging errata sheet changes to testimony found at 62:24, 66:10, 85:15, 88:20, 98:23, 99:13, 137:13, and 210:3).  In response, Defendant argues Eleventh Circuit precedent allows for substantive errata sheet changes, like the eight challenged changes in Mr. Szweda's errata sheet.  Doc. 57 at 11.

In terms of the appropriate legal standard, the parties appear to agree substantive errata changes to deposition testimony are permissible under Rule 30(e) but disagree about whether substantive changes that contradict prior testimony are also permissible.  Doc. 66 at 3 ("However, though substantive errata changes are permissible under Rule 30(e), only when those changes are clarifications and not wholly contradictory to prior testimony."); Doc. 57 at 9 ("This Court has consistently found that substantive errata sheet changes are permissible even if they contradict prior testimony.").  Therefore, it is necessary to address the legal standard before addressing the individual challenges.

Federal Rule of Civil Procedure 30(e)(1) allows a deponent to review his deposition transcript after the conclusion of the deposition and provide a list of changes "in form or substance" to the transcript (along with the reasons for the changes). The list of changes is commonly referred to as an errata sheet. The plain language of Rule 30(e)(1) expressly allows substantive changes by errata. The majority of district courts in the Eleventh Circuit permit a deponent to make substantive changes, adopting what is sometimes referred to as a "broad," "lenient," or "flexible" view of Rule 30(e).[5] See Cent. Baptist Church of Albany, 2021 WL 8533677, at *3 (M.D. Ga. 2021) ("Most district courts in the Eleventh Circuit have adopted a broad view of Rule 30(e) and allowed substantive changes."); Carter v. Companion Life Ins. Co., 338 F.R.D. 413, 416 (N.D. Ala. 2021) (collecting cases applying broad approach).

Indeed, courts in this District have typically—if not uniformly—adopted the broad approach, allowing substantive errata changes. See Purdee v. Pilot Travel Centers, LLC, No. CV407-028, 2007 WL 3143716, at *2 (S.D. Ga. Oct. 23, 2007) (concluding "it is permissible for plaintiff to submit an errata sheet that substantively changes her answers," at least prior to summary judgment); Candy Craft Creations, LLC, v. Gartner, CV 212-091, 2015 WL 1541507 (S.D. Ga. Mar. 31, 2015) (denying motion to strike substantive errata changes); Collins v. Ferrell, No. 5:18-CV-73, 2021 WL 5862095, at *2 (S.D. Ga. Sept. 23, 2021) (concluding a deponent is permitted to make substantive errata changes), *report and recommendation adopted*, 2021 WL 4988869 (S.D. Ga. Oct. 27, 2021). Consequently, substantive errata changes are

---

[5] Some courts adopt a "narrow" view of Rule 30(e) that limits permissible errata changes only to typographical and transcription errors. See Carter v. Companion Life Ins. Co., 338 F.R.D. 413, 416 (N.D. Ala. 2021) (collecting cases adopting a narrow interpretation); Reynolds v. IBM Corp., 320 F. Supp. 2d 1290, 1301 (M.D. Fla. 2004), *aff'd*, 125 F. App'x 982 (11th Cir. 2004). This approach is not supported by the text of Rule 30(e)(1), and I decline to adopt it here.

permissible under Rule 30(e)(1), and Mr. Szweda's errata changes should not be stricken merely because they qualify as "substantive."

Although Plaintiff accepts substantive changes are generally permissible, it argues errata changes that contradict or supplement prior sworn testimony are not. While the law is not well-settled on this point, the more compelling authority supports allowing substantive errata changes—even when the changes contradict prior testimony.[6] See Purdee, 2007 WL 3143716, at *2 (Prior to summary judgment, "it is permissible for [a] plaintiff to submit an errata sheet that substantively changes her answers, even if those changes contradict her previous testimony.");

---

[6] Some courts have concluded Eleventh Circuit decisions indicate substantive changes are permissible, but only if the changes do not contradict prior testimony. See, e.g., Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co., No. 6:14-cv-1287, 2015 WL 4167377, at *3 (M.D. Fla. July 9, 2015) (concluding it is impermissible to use "a Rule 30(e) errata sheet to make material and contradictory changes to deposition testimony"); In re Abilify Products Liability Litigation, Case No. 3:16-md-2734, 2018 WL 1627812, at *4 (N.D. Fla. Apr. 4, 2018) (same); Estate of Bryant v. Progressive Am. Ins. Co., Case No. 8:17-cv-2354, 2018 WL 11344802, at *9 (M.D. Fla. Nov. 7, 2018) (same). These courts generally rely on the Eleventh Circuit's decisions in the following cases: Reynolds v. IBM, 125 F. App'x 982 (11th Cir. 2004); Norelus v. Denny's, Inc., 628 F.3d 1270 (11th Cir. 2010); and Mason v. United Parcel Serv. Co. Inc, 674 F. App'x 943, 952 (11th Cir. 2017). Respectfully, I do not find these Eleventh Circuit cases demonstrate a prohibition on contradictory errata changes. In Reynolds, the trial court disregarded certain errata changes when ruling on the defendants' motion for summary judgment, and the Eleventh Circuit summarily affirmed. Reynolds provides little guidance on the issue because the trial court did not strike the errata changes, the errata issue was only one of many issues discussed by the trial court, and the Eleventh Circuit's affirmance contains no analysis. In Norelus, the court considered whether sanctions were appropriate based on submission of a 63-page "novella-length" errata sheet containing 868 changes and determined the errata was improper. While the Norelus court cited a number of cases suggesting substantive and contradictory changes may be improper, the court's analysis and conclusion was based on the unique and extraordinary nature of the errata sheet. The Norelus decision does not suggest a categorical rule that all contradictory errata changes are improper and must be stricken. Finally, in Mason, the court concluded the trial court did not abuse its discretion by denying a motion to strike errata changes, where the trial court concluded the changes were only clarifications and the trial court did not rely on the errata changes in ruling on the motion for summary judgment. The decision in Mason does not demonstrate the Eleventh Circuit would only allow clarifications; rather, it shows the trial court did not commit error by denying a motion to strike changes that were mere clarifications. Ultimately, these cases do not show the Eleventh Circuit has or will adopt a rule categorically prohibiting contradictory errata changes. To the contrary, the greater weight of persuasive authority indicates contradictory errata changes are permissible, assuming adequate safeguards are put in place. To the extent any language in my Report in Collins, 2021 WL 5862095, suggests otherwise, I clarify substantive, contradictory errata changes are permissible under Rule 30(e).

Cent. Baptist Church of Albany, 2021 WL 8533677, at *3 (concluding substantive, contradictory errata changes are permissible). Thus, Mr. Szweda is permitted to make substantive, contradictory errata changes to his 30(b)(6) deposition testimony.[7]

To be clear, although substantive, contradictory errata changes are generally "permissible"—meaning not in violation of Rule 30(e)—litigants and deponents are strongly discouraged from abusing the errata mechanism. Courts have often expressed disfavor for extensive, contradictory, and supplemental errata changes and recognize the challenges such changes can create. In some circumstances, abuse of the errata mechanism may be so severe as to warrant sanctions. See, e.g., Norelus v. Denny's, Inc., 628 F.3d 1270 (11th Cir. 2010). Aside from sanctions, courts also recognize certain limitations and safeguards can be imposed that mitigate the effects of substantive, contradictory errata changes. For example, a court may permit a substantive, contradictory errata change but require the original answer to remain in the record or allow reopening of the deposition. See, e.g., Carter, 338 F.R.D. at 416–17, 417 n.1 ("These safeguards include the fact that the original answer remains in the record and can be read to the jury at trial, the possibility of reopening the deposition, and the potential assessment against the deponent of the costs of any additional discovery necessitated by substantive changes.") (citing Reilly v. TXU Corp., 230 F.R.D. 486, 490 (N.D. Tex. 2005)); Maharaj v. GEICO Cas. Co., 996 F. Supp. 2d 1303, 1312 (S.D. Fla. 2014) ("When a party amends his testimony under Rule 30(e), the original answer to the deposition questions will remain part of

---

[7] Because even contradictory errata changes are permissible under Rule 30(e), it is unnecessary to determine whether the eight challenged changes actually contradict Mr. Szweda's prior testimony. However, it is worth noting it appears only one challenged change—the change to the testimony found at 98:20-99:6 of the transcript—is actually contradictory. The other seven changes merely supplement Mr. Szweda's prior testimony. There is no indication supplemental (but not contradictory) errata changes are impermissible under the broad interpretation of Rule 30(e).

the record and can be read at the trial. Nothing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made.") (quoting Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 103 (2d Cir. 1997)) (cleaned up). In light of this authority, and in consideration of the eight specific challenged errata changes made by Mr. Szweda, all of Mr. Szweda's original answers will remain in the record.[8]

Courts addressing substantive, contradictory errata changes commonly acknowledge another important safeguard: the court's ability to disregard contradictory errata changes for the purposes of ruling on a dispositive motion. See EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 267–68 (3d Cir. 2010) ("[W]hen reviewing a motion for summary judgment, a district court does not abuse its discretion under Rule 30(e) when it refuses to consider proposed substantive changes that materially contradict prior deposition testimony, if the party proffering the changes fails to provide sufficient justification."); Candy Craft, 2015 WL 1541507, at *11–12 (S.D. Ga. Mar. 31, 2015) (denying request to strike substantive, contradictory errata changes but disregarding errata changes that would create a material issue of fact for the purposes of defeating summary judgment).

Plaintiff has expressly asked the Court to disregard all eight challenged errata changes when ruling on Defendant's pending motion to dismiss. Doc. 66 at 6. Although a court typically considers whether to disregard substantive errata changes when ruling on a motion for summary judgment, there is no indication the Rule should be applied differently when ruling on a motion to dismiss. Thus, the Court may exercise its discretion to disregard any substantive,

---

[8] In many instances, a party will be permitted to reopen the deposition to address substantive, contradictory errata changes. However, Plaintiff disclaims any desire to reopen Mr. Szweda's deposition and insists reopening the deposition would be futile. Doc. 59 at 6. Based on this position, Plaintiff will not be permitted, at this time, to reopen Mr. Szweda's deposition.

contradictory errata change Mr. Szweda made when ruling on Defendant's pending motion to dismiss.[9]

In sum, Mr. Szweda is permitted to make contradictory, substantive changes to his deposition testimony under Rule 30(e). Therefore, the Court **DENIES** Plaintiff's Motion to Strike as to the remainder of the changes at 62:24, 66:10, 85:15, 88:20, 98:23, 99:13, 137:13, and 210:3. Though the errata changes are permissible, the original answers will remain in the record. Additionally, the Court may exercise its discretion to disregard any substantive, contradictory changes when ruling on Defendant's pending motion to dismiss.

## CONCLUSION

For the following reasons, I **GRANT in part** and **DENY in part** Plaintiff's Motion. Doc. 55. The Court **STRIKES** the change at 57:21–22 but allows the remaining changes.

**SO ORDERED**, this 14th day of February, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[9] Defendant represents the errata changes actually benefit Plaintiff's position in opposing the motion to dismiss. Doc. 57 at 12 ("[Defendant] did not rely on *any* of the errata sheet changes in its Reply in Support of its Renewed Motion to Dismiss. If anything, the disputed changes strengthen Plaintiff's jurisdictional positions . . . ." (internal cits. omitted). In response, Plaintiff asserts Defendant relied generally on Mr. Szweda's entire deposition transcript in support of its motion to dismiss, and, therefore, it has been prejudiced by the errata changes. Doc. 59 at 12. Plaintiff does not, however, identify any particular errata change that will impact the resolution of the motion to dismiss or explain how the changes specifically bear on the issues in the motion. Regardless, the Court may consider or disregard Mr. Szweda's substantive, contradictory changes when ruling on the motion to dismiss.